Judge Mills
delivered the Opinion óf the Court.
This is an action of trespass, assault and battery* and whs tried on the general issue.
The proof was, that the plaintiff below was travelling the road in a wagon, with no other person in company, except the driver of the team/ that the defendants, being four or five in number, came up, and one got into the, wagon and beat the plaintiff severely, and then the party rode on, and after a while again stopped till the wagon came up, and again beat the plaintiff, and again separated from the wagon, and after a while returned again, and so on, until the plaintiff was beaten four times most unmercifully.
As the plaintiff was progressing in proof till two of those beatings Were proved, and was commencing the proof of the third, the counsel for defendants objected to introducing jiroof of the third and fourth batteries, because there were only two counts in tire declaration, and therefore only two distinct assaults and batteries could be pi’oved.
The court overruled the objection.
The proof being closed, the counsel for defendants moved the court to instruct the jury, as there were only two counts in the declaration, the jury ought to give damages for only two assaults and batteries.
The court overruled this application also.
And a verdict and judgment being rendered against the defendants, they have brought the cage to this court.
Plaintiff can.not prove a greater number of assaults and batteries than are laid inhisdeclaration.
Every assault and battery committed af • tor another, and the parties have been Separated, is a distinct cause of action— without regard to the time or distance of the Separatio'n, so it be complete and a return to the combat.
Instruction0 touching tin-abettors.
Where persons in company with the assailant fail, when in their power, to prevent a merciless battery on a feeble man, tho* they do prevent his being murdered, the omission to intexfere, with other slight circumstances, may convict them all as principals in the trespass.
That the design of a count in a declaration, is So apprize a defendant of the extent and number of the complaints against him; and that the plaintiff ought not to prove or recover fur a greater, number, or more extensive charges than he has made, are propositions too well understood to need proof.
It is equally clear, that every assault and battery committed after another, and after the parties have been separated, constitutes a distinct and independent cause of action. Nor does the law very accurately measure (ho time, or the distance of separation. If there be a complete separation, and a return to the combat, anew action may be sustained. It was therefore erroneous to permit the.plaintiff below to recover for more of the batteries than he claimed.
One other question was made, and may again occur on a future trial of the cause, and ought therefore to be noticed. But one of the party of defendants gave the actual heating, and it was insisted that there ought to be bo recovery against the others, The court instructed the jury, that if the others did not strike the plaintiff, or offer to do so, or counsel, advise, aid or assist the one actually engaged, to do it, the law was for defendants; but did not instruct the jury to find for them, and this is assigned for error.
There are divers circumstances in proof, which ought to have induced the court below to refuse a positive instruction for these defendants, and which shew that the instruction given was more favorable to them than they could have expected.
It is hard to reconcile their failure to interfere and prevent such a merciless battery, committed on an aged aud drunken man, with their innocence, and from this circumstance it might be inferred, that they looked on it with pleasure, if they did not approve and encourage it. They, or some of them, did once interfere; but it seems it was for the purpose of preventing murder alone, and to permit the actual combatant go all the lengths he could, short of murder.
They still attended lipón, and acted in such concert with, the person engaged. on each, occq.si.on, *218 at7i] presented -such appearance of force, as was sufficient to deter and prevent the interference of .wagoner, who was disposed to rescue the sufferer. Add to this that the pretended provocation of the beating was, that the plaintiff had accused the actual combat-ant with improperly taking or stealing bis turkies, and the others, or some of them, would sometimes cry. during some of the engagements, “ pay him well for his turkies.’* Such circumstances, if believed by the jury, were sufficient to make them all principals, ami responsible for the consequences, especially as they were so completely able, under the circumstances of the case, to prevent all mischief, and preserve the peace inviolate. Títere is then, on this point, no error in the judgment.
Triplett for plaintiff; Daniel for defendant..
But on the first ground considered, the judgment must be reversed, vrith costs, and the verdict be set aside, and the cause be remanded for new pro ceedings not inconsistent with this opinion.